**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| HARRY LEE BOGGS, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| OFFICER FEDD, | : | NO. 7:13-CV-156 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **HARRY LEE BOGGS, JR.**, an inmate at Hays State Prison ("HSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).   He has also submitted a motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff alleges that, on August 16, 2013, while he was confined at Valdosta State Prison ("VSP"), he was sexually assaulted by Defendant Officer Fedd.   He seeks only injunctive relief in the form of transfer to another prison.   Plaintiff has subsequently informed the Court that he has been transferred to HSP (Doc. 5).

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the

provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed numerous lawsuits in the United States District Courts, at least three of which have been dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1] As Plaintiff has at least three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).

Although Plaintiff's assault was unfortunate and may state a valid claim, Plaintiff makes no allegation that Officer Fedd remained a threat when Plaintiff filed this lawsuit on November 22, 2013. As noted above, the imminent danger standard requires that Plaintiff be under a present, not a past, danger.

Moreover, Plaintiff has been transferred to another prison. As the Eleventh Circuit recently stated in ***Owens v. Schwartz***, 519 F. App'x 992, 994 (11th Cir. May 28, 2013) (unpublished):

> Owens was transferred out of Okaloosa CI after filing his complaint. Accordingly, even if he had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed. *See Medberry*, 185 F.3d at 1993 (holding that the plaintiff failed to show that he was in imminent danger of serious physical injury from being placed in the general population at the prison where he

---

[1] ***See Boggs v. Danials***, 7:13-cv-95 (HL). In addition to the cases listed in ***Boggs v. Danials***, Plaintiff incurred an additional strike in in ***Boggs v. Owens***, 1:13-cv-2851-MHS (N.D. Ga. Oct. 24, 2013).

was housed when he filed his complaint, because he had been transferred to another facility since filing the complaint). . . . An allegation of past imminent danger will not invoke the "imminent danger" exception.  ***Id.***

As was the case in ***Owens***, Plaintiff's transfer means that he cannot meet the imminent danger exception as the danger has passed.

In any event, as noted above, Plaintiff sought only injunctive relief in the form of transfer to another prison.   His clam is therefore moot because Plaintiff has been transferred from VSP.  ***See Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986) (a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains).

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.   If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $400.00 filing fee.   As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 22nd day of January, 2014.


*s/ Hugh Lawson*_____
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

3